**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4281

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LATEEF JAMAL LINGHAM, a/k/a Jersey,

                    Defendant - Appellant.


Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Robert E. Maxwell, Senior District Judge.  (1:06-cr-00080-REM-2)


Submitted:  July 15, 2008          Decided:  August 4, 2008


Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.


Affirmed in part; dismissed in part by unpublished per curiam opinion.


Kumaraswamy Sivakumaran, STERLING LEGAL SERVICES, PLLC, Clarksburg, West Virginia, for Appellant.  Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia; Sharon Lynn Potter, United States Attorney, Wheeling, West Virginia, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Lateef Jamal Lingham pled guilty to aiding and abetting the distribution of cocaine base within 1000 feet of a playground. He was sentenced to 108 months in prison. On appeal, counsel has filed an Anders[1] brief, stating that there are no meritorious grounds for appeal. Lingham has not filed a pro se brief. The Government has moved to dismiss the appeal, based on a waiver provision in Lingham's plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Whether a defendant validly waives his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

After reviewing the record, we conclude that Lingham knowingly and voluntarily waived his right to appeal his sentence, retaining only his right to appeal "any sentence imposed using a base offense level 35 or higher." The district court calculated

---

[1]Anders v. California, 386 U.S. 738 (1967).

Lingham's advisory guideline range using base offense level 31. Accordingly, under the terms of Lingham's valid waiver, he retained no appellate rights with respect to his sentence. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

The waiver provision does not prevent our review of any errors in Lingham's conviction, however. After reviewing the entire record in accordance with Anders, we conclude that there are no meritorious issues for appeal. We note in particular that the district court complied with the mandates of Rule 11 in accepting Lingham's guilty plea. Thus, we deny, in part, the Government's motion to dismiss and affirm Lingham's conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We affirm Lingham's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART